Argued May 23, Affirmed October 2, 1978

OREGON STATE EMPLOYES
ASSOCIATION, *Petitioner,*

*v.*

PERSONNEL DIVISION, *Respondent.*

(No. 517, CA 10008)

585 P2d 1

John S. Irvin, Salem, argued the cause and filed the brief for petitioner.

William F. Hoelscher, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

The Oregon State Employes Association (OSEA) initiated this proceeding before the Employment Relations Board (ERB) seeking a determination that various hiring and promotion practices of the Personnel Division were contrary to the Merit System Law, ORS ch 240. In support of ERB's jurisdiction, OSEA relied upon ORS 240.086(2), which authorizes ERB to review

> "* * * any personnel action that is alleged by an affected party, or an organization certified by the rules of the board as representing an affected party, to be arbitrary or contrary to law or rule, or taken for political reason, and set aside such action if it finds these allegations to be correct * * *."

ERB dismissed OSEA's petition, holding it lacked jurisdiction under ORS 240.086(2) because OSEA was not challenging an identifiable "personnel action" and was not representing an identified "affected party." OSEA appeals. We affirm.

We do not reach the question of whether OSEA was challenging a "personnel action" within the meaning of the statute because we find the "affected party" aspect of the case dispositive.

OSEA has not, at any stage of these proceedings, identified any "affected party" that it represents. It contends that its thousands of members are generally affected by the practices it challenges, and that this is sufficient to invoke ERB jurisdiction under ORS 240.086(2).

On the contrary, we interpret ORS 240.086(2) as contemplating the litigation and determination of specific rights and duties. An invalid "personnel action" challenged by "an affected party" can be "set aside." Logically, nothing can be "set aside" except as to specific, identified individuals. Thus, unless an affected party is identified, ERB will be powerless to fashion any remedy. We agree with ERB's conclusion that it would be pointless to proceed to a decision on

[ 355 ]

the merits when no remedy could be granted if the decision were in OSEA's favor.[1]

The statutory grant of standing to "an organization * * * representing an affected individual" does not change the result. That only means that organizational standing must be derived from the standing of the person represented. In other words, an organization can only represent an affected party who would have been entitled to seek review in his own rights. The affected party must, to repeat, be identified so that ERB will be able to grant the statutory remedy of setting aside the challenged personnel action.

Affirmed.

**JOSEPH, J.,** dissenting.

I dissent.

ERB dismissed the petition on the ground that it did not have jurisdiction under ORS 240.086(2), which provides that ERB shall

> "[r]eview any personnel action that is alleged by an affected party, or an organization certified by the rules of the board as representing an affected party, to be arbitrary or contrary to law or rule, or taken for political reason, and set aside such action if it finds these allegations to be correct. * * *"

The parties stipulated that OSEA is a labor organization certified by ERB to represent more than 15,000 classified service employees in many separate collective bargaining units. OSEA alleged that the Personnel Division had been engaging in several unlawful practices when certifying lists of applicants eligible for classified positions. The petition did not name any particular person or persons affected by these practices or otherwise specify any particular instance of

---

[1] If OSEA only seeks a declaratory ruling, it has the option of petitioning ERB under ORS 183.410:

> "* * * [A]ny agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it * * *."

the objectionable conduct. It was stipulated, however, that the Personnel Division was engaging in the challenged practices and that those practices were "being carried out by respondents with respect to employees, in bargaining units represented by petitioner, who apply for appointment to higher-paying positions in the state classified service."

In dismissing the petition, ERB ruled that

"* * * a personnel action is not at issue and the Petitioner is not representing an affected party. The Petition for Review asked only for review of certain procedures followed by the Personnel Division.

"This Board will not rule on a Petition for Review, filed under ORS 240.086(2) if a personnel action is not at issue and/or an affected party is not named."

The term "personnel action" is not defined in ORS 240.086(2) or elsewhere in chapter 240. It is defined in ERB and Personnel Division rules. ERB Rule 16-105(8) (OAR 115-16-105(8)) defines "personnel action" as "any action taken with reference to an applicant, employe or position." Personnel Division Rule 12-100(29) (OAR 105-12-100(29)) defines it as "any action taken with reference to an employe or position."

OSEA did not seek review of an abstract policy, but rather objected to a series of acts, *i.e.,* the preparation and certification of the lists in specified manners. Where a statute directed at a particular agency can reasonably be given more than one interpretation, we normally accord weight to a reasonable, adequately explained interpretation by the agency. In this case ERB offered no comprehensable explanation for its ruling that the practices complained of were outside the scope of the term "personnel action" as used in ORS 240.086(2) and its own rule. The conduct complained of was described with sufficient particularity to enable ERB to determine whether it was arbitrary or contrary to law or rule. The only conceivable argument that OSEA alleged something other than a "personnel action" is that the allegations concern a

series of acts, rather than a single isolated instance. To accept such an interpretation would effectively require the filing of a separate petition for each list certified by the Personnel Division. The term "personnel action" cannot fairly be given such a narrow and strained interpretation.

In ruling that the petition be dismissed because no affected party was specified by name, ERB overruled its decision in *OSEA v. Department of Transportation and State Personnel Division* (ERB Case No. 514, December, 1976), which held that because OSEA was the certified representative, it need not name an affected party. Although the order is not very clear, ERB seems to have ruled in the instant case that, although OSEA is the certified representative of affected parties, the petition cannot be considered because OSEA did not name the affected parties.[1]

ORS 240.086(2) is framed in the disjunctive. The allegations may be made by an affected party *or* by an organization certified by the rules of the board as representing an affected party. There is no statutory authority for a general requirement that the affected parties be specified by name in every petition filed by a certified representative.[2] To the extent ERB's order was based upon such a requirement it was in error.

I recognize that in order to grant the relief requested by OSEA—that the allegedly unlawful actions be "set aside"—ERB may need more specific identification of the OSEA bargaining unit members who

---

[1] No rules setting out the requirements for proper representational status to file a petition on behalf of affected parties have been promulgated specifically under ORS 240.086. ERB does, however, have rules for certifying collective bargaining representatives under chapter 243. ERB has previously ruled that a labor organization certified by those rules may properly file an ORS 240.086(2) petition. *OSEA v. Department of Transportation and State Personnel Division, supra.* I do not read the order in the instant case as affecting that portion of the earlier opinion.

[2] Were there no stipulation that the petitioning organization represents an affected party, it might be necessary to specify the affected party (or parties) by name in order to establish that the organization properly represents him.

were actually affected by the actions complained of. The stipulation that the allegedly unlawful practices were "being carried out by respondents with respect to employes in bargaining units represented by petitioner" was apparently accepted by ERB as an allegation that some OSEA bargaining unit members were "affected" by those practices. Neither the allegations nor the stipulation identified the individuals whose bids for promotion were actually affected by the objectionable practices, nor did they specify the particular lists prepared in the allegedly unlawful manners. It is doubtful that OSEA, had it established illegality, would have been entitled to have set aside every list of certified eligibles prepared since the objectionable practices began and upon which the name of an OSEA bargaining unit member appeared. A review of the legality of the practices in itself requires no further identification of the affected parties, and the petition was sufficient for that purpose. Whether the allegations and stipulations sufficiently identified the parties whose bids for promotion were actually affected by the practices to enable ERB to grant appropriate relief, if the practices were held to be improper, is a question which would be ruled upon at an appropriate later stage of the proceeding.